E-FILED
Tuesday, 06 January, 2015 04:03:15 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 13-20042 |
| LINDA SUE CURTIS, ) | |
| Defendant. ) | |

### UNITED STATES' SENTENCING COMMENTARY

The United States of America, by its attorneys, James A. Lewis, United States Attorney for the Central District of Illinois, and Jason M. Bohm, Assistant United States Attorney, files its sentencing commentary.

### Background

The defendant, Linda Sue Curtis, conspired with Lloyd Lockwood to plant a pipe bomb at her brother's residence in Decatur, Illinois. The defendant and her brother had an ongoing dispute regarding their mother's estate and the defendant conspired with Mr. Lockwood in an attempt to get her brother in trouble. She pled guilty, pursuant to a written plea agreement, to the conspiracy on October 28, 2014. Sentencing is set for January 9, 2015.

### Defendant's Objection to the PSR

The presentence report (PSR) was revised on December 30, 2014. The United States has no objection to the PSR. The defendant reported one objection, namely that the device planted at the residence in Decatur was not a destructive device and

therefore, the 2-level enhancement under § 2K2.1(b)(3)(B) should not apply. The defendant's objection should be overruled.

As referenced on page 8 of the defendant's plea agreement, an explosives expert with the ATF, Michael Eggleston, concluded that the device was a destructive device. Specifically, the Mr. Eggleston found that the device was "consistent with an improvised explosive weapon, commonly known as a pipe bomb, and would be properly identified as an explosive bomb. Explosive bombs are destructive devices as that term is defined in 26 U.S.C. section 5845(f)." (See attached page 2 of Exhibit 1.)[1] Mr. Eggleston's opinion is uncontradicted and is sufficient to undermine the defendant's objection.

The government acknowledges that it was the defendant's goal to plant the device on her brother, alert the authorities, and thereby get her brother in trouble. The evidence does not support an argument that she intended for the device to detonate at her brother's. Nevertheless, the pipe bomb remains a destructive device, in the same way a gun remains a firearm even if it is unloaded. As Mr. Eggleston's report details, the device needed only a "source of electricity" in order to ignite. *See United States v. Strache*, 202 F.3d 980, 986-87 (7th Cir. 2000) (applying the enhancement where the defendant could make "operational destructive devices with minimal labor").

---

[1] The United States will not be calling Mr. Eggleston to testify at the sentencing hearing. Counsel for the United States spoke with defense counsel who had no objection to the Court considering the report of Mr. Eggleston at sentencing.

The 2-level enhancement under § 2K2.1(b)(3)(B), applied in paragraph 35 of the PSR, is warranted and the objection should be overruled.

## Sentencing Recommendation

The United States recommends a sentence of 36 months of imprisonment, three years of supervised release, a $100 special assessment, and no fine.  The United States also recommends that the Court impose the standard conditions of supervised release and special conditions of supervised release set forth in paragraphs 93 through 95 of the PSR.  The United States believes this sentence is sufficient but not greater than necessary to accomplish the purposes of 18 U.S.C. § 3553.

### A. Imprisonment

In determining the appropriate sentence, this Court must consider the advisory sentencing guidelines.  In this case, based on the defendant's offense of conviction, the involvement of a destructive device, her role as the organizer of the conspiracy, her acceptance of responsibility for her offenses, and her lack of a criminal history, the guidelines recommend a sentence of imprisonment between 30 and 37 months.  Therefore, the 36-month recommended sentence of the United States is at the higher end of the advisory guidelines.

The United States notes this is a far lesser sentence than the 10-year term requested and imposed for Mr. Lockwood.  But Mr. Lockwood did not accept responsibility for his actions and had a substantial criminal history, including multiple violent felonies.  The defendant has no criminal history.  Nevertheless, she is the one

who sought out Mr. Lockwood to plant the device on her brother's property. She is the one who provided the device and the address to Mr. Lockwood. She is a former Transportation Security Officer who should know what an explosive device is.[2] In terms of organizing and perpetrating the conspiracy, the defendant is the more culpable conspirator and deserves a prison term of 36-months.

Such a sentence is required and not greater than necessary to comply with the sentencing factors set forth at Title 18, United States Code, Section 3553(a)(2). A lesser sentence would not reflect the seriousness of the offense, which involved planting a destructive device on her brother's property, nor provide just punishment for an individual who organized the conspiracy.

### B. Victim Impact Statements

Pursuant to Rule 32(i)(4)(B), before imposing sentence, this Court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard. The United States has been notified by the victims, Mr. and Mrs. Grider, that they would like to address this Court at sentencing to discuss the impact of the defendant's crimes. The United States estimates that the victim impact statements would last 10 to 15 minutes.

---

[2] The United States sought to obtain, to no avail, records relating to the defendant's training in identifying explosive devices. Nevertheless, it is a fair inference to believe a TSA security officer was trained in identifying explosive devices.

<u>Conclusion</u>

The United States requests that this Court overrule the defendant's objection to the PSR and impose a sentence of 36 months in prison, 3 years of supervised release, and a $100 special assessment.

Respectfully submitted,

JAMES A. LEWIS
UNITED STATES ATTORNEY

s/ Jason M. Bohm
Assistant United States Attorney
201 South Vine Street, Suite 226
Urbana, Illinois 61802
217-373-5875
jason.bohm@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 6, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel of record.

    s/ Jason M. Bohm